

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATIVE VILLAGE OF POINT HOPE; et al., | No. 12-35976 |
| Plaintiffs - Appellants, | D.C. No. 3:11-cv-00200-TMB |
| v. | |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, | MEMORANDUM[*] |
| Defendant - Appellee, | |
| TECK ALASKA INCORPORATED and NANA REGIONAL CORPORATION, | |
| Intervenor-Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Argued and Submitted August 13, 2013
Anchorage, Alaska

Before: KOZINSKI, Chief Judge, and BERZON and IKUTA, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Native Village of Point Hope, Alaska Community Action on Toxics, and Northern Alaska Environmental Center appeal the district court's grant of summary judgment in favor of the EPA.

Native Village of Point Hope has standing to challenge the EPA's action on behalf of one of its members, Franklin Sage. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 181 (2000). Sage's affidavit established a credible threat of injury that is traceable to the EPA's action because it alleged that his family fishes for Arctic grayling in the Wulik River, that Sage trades for such fish, and that he is concerned that pollution in Red Dog Creek threatens the Arctic grayling population. *See Ocean Advocates v. U.S. Army Corps of Eng'rs*, 402 F.3d 846, 859 (9th Cir. 2005).

We reject Point Hope's argument that the EPA was arbitrary and capricious in approving the site-specific water quality criterion for total dissolved solids (TDS) in Red Dog Creek during Arctic grayling spawning season without first obtaining additional data on the long term and delayed impacts to Arctic grayling from exposure to TDS at fertilization. The EPA's reasonable conclusion (after consideration of the Stekoll study) that it was unnecessary to require follow-up research regarding such long-term effects of exposure, was well within its "wide latitude in determining the extent of data-gathering necessary to solve a problem."

*Envtl. Def. Ctr., Inc. v. E.P.A.*, 344 F.3d 832, 870 (9th Cir. 2003) (quoting *Sierra Club v. E.P.A.*, 167 F.3d 658, 662 (D.C. Cir. 1999)).

**AFFIRMED.**